IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JEFFREY J. BIGGS,

    Petitioner,

vs.

ARNOLD SCHWARZENEGGER, et al.,

    Respondents.

No. CIV S-04-1133 GEB CMK P

FINDINGS AND RECOMMENDATIONS

Petitioner is a state prisoner proceeding pro se with an application for writ of habeas corpus relief under section 28 U.S.C. § 2254. On February 3, 2005, respondent filed a motion seeking dismissal of this action for lack of federal habeas jurisdiction. On February 14, 2005, petitioner filed his opposition to respondent motion to dismiss arguing that the court does have jurisdiction because his Due Process rights were violated.

**I. BACKGROUND**

On April 26, 1985, petitioner entered into a plea bargain with the State of California. Petitioner pled guilty to a conviction of first degree murder. In return, petitioner received a sentence of 25 years-to-life with the possibility of parole if he worked and behaved while in prison . (Am. Pet. Ex. A.)

1

Petitioner's previous parole requests have been denied. (Am. Pet. Ex. A.) The San Mateo District Attorney's Office did not object at petitioner's parole hearing in December of 2002. However, the San Mateo District Attorney's Office did oppose petitioner's parole at his hearing on April 16, 2004, . (Am. Pet. at 5A.)

In his petition, petitioner does not raise any specific claims against Director Woodford or Governor Arnold Schwarzenegger. Instead, petitioner asks the court for an evidentiary hearing to determine the official position, regarding his parole, of the San Mateo District Attorney's Office. (Id.)

## II. STANDARD OF REVIEW

When reviewing a motion to dismiss, a court must accept as true the allegations in the complaint and construe the facts in a light most favorable to the plaintiff. See Fed. R. Civ. P. 12(b)(6); Jenkins v. McKeithen, 404 U.S. 519, 520 (1972). A motion to dismiss for failure to state a claim should not be granted unless it appears beyond a doubt that plaintiff can not prove any facts which would entitle him to relief. See Hishon v. King & Spalding, 467 U.S. 69,73 (1984). As plaintiff in this action is pro se, the court must construe his complaint more liberally than it would those drafter by a lawyer. See Haines v. Kerner, 404 U.S. 519, 520 (1972).

## III. DISCUSSION

Federal habeas corpus relief is not available for any claim decided on the merits in state court proceedings unless the state court's adjudication of the claim:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). In Williams v. Taylor, 120 S.Ct. 1495 (2000), the United States Supreme Court explained the standards contained in section 2254(d)(1). As to the "contrary to" clause, a state-court decision is contrary to clearly established precedent "if the state court applies a rule

that contradicts the governing law set forth" by the Supreme Court. Id. at 1519. A state-court decision also is contrary to clearly established precedent if it applies the correct rule to a case involving facts "materially indistinguishable" from those in a controlling case but arrives at a different result. Id. at 1519-20. As to the "unreasonable application" clause, a federal habeas court should ask "whether the state court's application of clearly established federal law was objectively unreasonable." Id. at 1521. "[A] federal habeas court may grant the writ if a state court identifies the correct governing legal principle from [Supreme Court] decisions, but unreasonably applies that principle to the facts of the prisoner's case." Id. at 1523. However, some erroneous applications of law may still be reasonable. Id. at 1522.

Petitioner fails to state a claim under section 2254(d)(1). Instead, petitioner vaguely claims an injury to his due process rights and then asks the court to determine what position the San Mateo District Attorney's Office will take regarding his parole. Petitioner also finds fault with the District Attorney's objection at his most recent parole hearing. However, the petitioner has not explained how this objection presents a federal issue. Petitioner's application must therefore be denied.

In accordance with the above, IT IS HEREBY RECOMMENDED that:

1. Respondents' motion to dismiss filed February 3, 2005, be granted; and

2. This action be entirely dismissed.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fifteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served and filed within fifteen days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the

1  District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

2  DATED:  April 27, 2005

/s/   **CRAIG M. KELLISON**
Craig M. Kellison
UNITED STATES MAGISTRATE JUDGE